Wilborn Earl GHEESLING, Plaintiff,

v.

Shirley S. CHATER, Commissioner
of Social Security, Defendant.

No. 94–1289–MLB.

United States District Court,
D. Kansas.

May 1, 1995.

Jim Lawing, Wichita, KS, for Wilborn Earl
Gheesling.

Robin Barkett Moore, Office of U.S. Atty.,
Wichita, KS, for Comm'r of Social Security,
Shirley S. Chater.

## ORDER

REID, United States Magistrate Judge.

On March 8, 1995, plaintiff filed a motion
to compel (Doc. 27). A response was filed on
April 6, 1995 (Doc. 31). A reply was filed on
April 21, 1995 (Doc. 31).

Plaintiff's motion seeks further responses
to request for production number 5, and in-

terrogatories 4, 5, 6, 7, and 11. In plaintiff's reply, he indicates that he will submit a revised request for production number 5 that will be clear as to certain matters. Therefore, the court will not rule on that matter at this time.

■ Before discussing the specifics of the remaining disputes, the court will set forth its general rules regarding discovery. This court has always taken a very liberal position in regards to discovery. That position has been as follows. Relevancy has been defined as encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action. *Kelling v. Bridgestone/Firestone, Inc.,* 157 F.R.D. 496, 497 (D.Kan.1994); *Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D.Kan.1993); *Snowden v. Connaught Laboratories, Inc.,* 137 F.R.D. 325, 329 (D.Kan.1991); *Gagne v. Reddy,* 104 F.R.D. 454, 456 (D.Mass.1984); *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296 (E.D.Pa. 1980); *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138–39 (W.D.Okla.1977).

■ However, though the scope of discovery is broad, it is not unlimited. If the plaintiff has failed to specify how the information is relevant, and the court cannot determine how the information sought is relevant, a court will not require the defendant to produce the information. *Miller,* 76 F.R.D. at 139.

■ In employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information. *See Earley v. Champion International Corp.,* 907 F.2d 1077, 1084–85 (11th Cir.1990); *James v. Newspaper Agency Corp.,* 591 F.2d 579, 582 (10th Cir. 1979); *Serina v. Albertson's, Inc.,* 128 F.R.D. 290, 291–92 (M.D.Fla.1989); *Prouty v. National Railroad Passenger Corp.,* 99 F.R.D. 545, 547 (D.D.C.1983). When the employment decisions were made locally, discovery may properly be limited to the employing unit. *Scales v. J.C. Bradford and Co.,* 925 F.2d 901, 907 (6th Cir.1991); *Earley,* 907 F.2d at 1084. In the absence of any evidence that there were hiring or firing practices and procedures applicable to all the employing units, discovery may be limited to plaintiff's employing unit. *See Joslin Dry Goods Co. v. Equal Employment Opportunity Commission,* 483 F.2d 178, 184 (10th Cir.1973).

■ A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1484–85 (5th Cir.1990); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985); *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982).

Interrogatories 4–6 seek information regarding the number of attorney-advisors who were promoted to supervisory attorney-advisor, how many supervisory attorney-advisor positions were filled over a six year period, and how many persons over the age of 50 applied for these positions. While discovery is not limited to issues raised by the pleadings, and is very broad in scope, there are limits to the scope of discovery. As noted above, discovery is generally limited to the employing unit. However, in their reply brief, plaintiff states that "discovery has established the fact that 126 such positions

exist and that only one filled in a six-year time span between 1988 and 1994 went to an applicant who was over 50" (Doc. 38 at 2). This information, if it is nationwide, could possibly indicate a hiring practice applicable to all employing units. On the other hand, the court is concerned due to the cost and burden of obtaining this information from the different units nationwide. Therefore, the court will order plaintiff to provide to the court the discovered material that shows that only 1 out of 126 positions were filled by a person over the age of 50, along with any other relevant material, i.e., the source of the information, etc. Plaintiff will provide this information to the court by May 12, 1995. Defendant will have until May 23, 1995 to file a brief setting forth their objections to having the answers to these interrogatories provided in light of this discovered material.

Interrogatory number seven seeks the identification of any EEO complaint concerning administrator Melvin Werner, who was the hiring person for the position in question. The court finds the request to be clear; plaintiff seeks any EEO complaints made against Mr. Werner. The only possible relevant inquiry in this case would be an inquiry into complaints of age discrimination; any other EEO complaints have no conceivable relevance to an age discrimination case. Defendant need only respond as to any allegations of age discrimination.

Interrogatory number eleven seeks the performance ratings of plaintiff and Gene Michael Kelly from 1991–1993. Apparently, Mr. Kelly obtained the job in question. The court finds that the material sought is relevant, or could lead to relevant evidence, and orders defendants to provide the material.

IT IS THEREFORE ORDERED that the motion to compel is granted in part, and denied in part, as set forth above.

IT IS FURTHER ORDERED that plaintiff shall provide the discovery material set forth in this order pertaining to interrogatories 4–6 by May 12, 1995. Defendant can file a response brief on this remaining issue by May 23, 1995.