**Robin Tamera WILLIAMS, Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS OF THE UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS, et al., Defendants.**

No. 98–2485–JTM.

United States District Court,
D. Kansas,
Kansas City Division.

May 19, 2000.

Peter A. Jouras, Jr., Law Offices of Peter A. Jouras, Fairway, KS, Michael G. Holcomb, Roeland Park, KS, for plaintiff.

Daniel B. Denk, Ryan B. Denk, McAnany, Van Cleave & Phillips, P.A., John L. Peterson, Williamson & Cubbinson, Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

Under consideration are Defendants' Motion to Compel Discovery (doc. 57) and Defendants' Motion to Compel and for Sanctions (doc. 73).

### A. The Duty to Confer

Before presenting a discovery dispute to the Court for resolution, the parties are required by both local and federal rule to certify they have "in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." *See* Fed.R.Civ.P. 37(a)(2)(B); D.Kan. Rule 37.2. Although the motions currently pending before the Court include the required declaration stating the parties have conferred in good faith in an attempt to resolve the discovery disputes at issue, the Court is not persuaded that the parties, in fact, have satisfied their duty to confer.

Defendants declare they conferred in good faith by sending unanswered correspondence to opposing counsel demanding discovery be produced by a specific deadline. Defendants' Motion to Compel at ¶ 8 and at Ex. E (doc. 57); Defendants' Motion to Compel and for Sanctions at ¶ 1 and at Ex. 4 (doc.

73). A single letter between counsel which addresses the discovery dispute, however, does not satisfy the duty to confer. *Pulsecard, Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 302 (D.Kan.1996). "A 'reasonable effort to confer' means more than mailing a letter to opposing counsel." *Porter v. Brancato*, No. Civ. A. 96–2208–KHV, 1997 WL 150050 at *1 (D.Kan. Feb.24, 1997). "It requires that counsel converse, confer, compare views, consult and deliberate." *Id.* Although the Court will consider the pending motions, counsel strongly are advised by this Court to "reasonably confer" as defined herein before filing future motions.

### B. *Discussion*

#### 1. Defendants' Motion to Compel (Doc. 57)

Defendants seek an order compelling Plaintiff (a) to fully answer Interrogatories 4, 5, 6, 8, 9, 10 and 11 propounded by defendant The Board of County Commissioners; (b) to fully answer Interrogatory 12 propounded by defendant Jeffery Jacks; (c) to submit verifications authenticating Plaintiff's answers to all of her original and supplemental interrogatory responses; and (d) to produce documents and things in response to Requests 5 and 10 propounded by defendant The Board of County Commissioners.[1]

#### a. Interrogatories 4, 5, 6, 8, 9, 10 and 11

■ Defendants seek to compel answers to Interrogatories 4, 5, 6, 8, 9, 10 and 11 propounded by defendant The Board of County Commissioners. Each of these interrogatories begins by referring to a specific paragraph within Plaintiff's First Amended Complaint and then goes on to request Plaintiff state or identify the factual basis for the allegations within that paragraph. (*See* doc. 57, Exhibit A). Each of these interrogatories also contains numerous subparts identifying specific factual details to include within the answer or response. *Id.* More specifically, Interrogatory 4 contains thirty-five subparts, Interrogatory 5 contains thirty subparts, Interrogatory 6 contains twelve

subparts, Interrogatory 8 contains four subparts, Interrogatory 9 contains fourteen subparts, Interrogatory 10 contains eleven subparts and Interrogatory 11 contains eleven subparts. *Id.* All told, these seven interrogatories contain 117 subparts; just the questions alone span fourteen pages of double-spaced type. *Id.*

Thirty days after the interrogatories were served, Plaintiff mailed her answers to Defendants. (*See* doc. 57, Exhibit B). Within these pleadings, Plaintiff did not answer Interrogatories 4, 5, 6, 8, 9 and 11, but instead objected to them by stating "Work product of attorneys and to be discovered." *Id.* Plaintiff did not object to Interrogatory 10 at all; she simply made a one sentence factual statement. This statement did not to respond to the specific factual details as requested in the eleven subparts of that particular interrogatory. *Id.*

On July 20, 1999, Defendants sent a letter to Plaintiff requesting she more fully comply with the discovery requests propounded by Defendants. On August 9, 1999, Plaintiff supplemented her original objections to Interrogatories 4, 5, 6, 8, 9, 10 and 11 by objecting on grounds of overbreadth and undue burden. In response to Plaintiff's supplementations, Defendants sent another letter to Plaintiff on September 8, 1999 requesting she more fully comply with the discovery requests. Plaintiff did not respond to the September 8, 2000 letter and, on October 1, 1999, Defendants filed this motion to compel. In support of the motion, Defendants assert the information requested is fully discoverable and does not qualify as work product. Defendants further assert Plaintiff waived her right to object on grounds of overbreadth and undue burden because she failed to lodge a timely objection on those grounds in her original answers.

In response to Defendants' motion, Plaintiff argues the Court should not compel her to answer the interrogatories at issue because (1) the number of interrogatories propounded significantly exceeds the number

---

1. Defendants have withdrawn their Motion to Compel with respect to Requests 11 and 15. *See* Defendants' Reply at p. 5 (doc. 63.) Thus, Defendants' Motion to Compel with respect to these two requests will be denied as moot.

permitted by the Federal Rules of Civil Procedure and thus are overly broad and unduly burdensome; and (2) the interrogatories at issue inappropriately call for a narrative of her whole case and thus are overly broad and unduly burdensome. Plaintiff maintains she did not waive her right to object on grounds of overbreadth and undue burden because, in their letter of July 20, 1999, Defendants stipulated to a twenty-day extension of time for Plaintiff to respond to the interrogatories, and Plaintiff supplemented her objections to include overbreadth and undue burden within this time frame.

Although both parties request the Court to determine as a matter of law whether Plaintiff waived her right to object to the interrogatories on grounds of overbreadth and undue burden, the Court finds it unnecessary to resolve the issue of waiver because the Scheduling Order in this matter provides that each party may not propound more than thirty interrogatories, inclusive of subparts, to any other party.[2] Rule 33(a) of the Federal Rules of Civil Procedure, by its express terms, makes it clear that every interrogatory served, including any discrete subparts, shall be counted against the numerical limit of interrogatories to be served. Fed.R.Civ.P. 33(a) ("Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served.") One issue that has arisen in implementing the numerical limit, however, is how interrogatories should be counted. In particular, although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define that term.

Interrogatories often contain subparts. Some are explicit and separately numbered or lettered, while others are implicit and not separately numbered or lettered. Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a), or in a scheduling order, by rendering it meaningless unless

each subpart counts as a separate interrogatory. On the other hand, if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic. The Advisory Committee addressed this issue and provided some guidance as to when subparts should and should not count as separate interrogatories:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Advisory Committee Note, 146 F.R.D. 401, 675–676 (Fed.1993.) A respected commentator has elaborated on that statement as follows:

> [I]t would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the limitation.

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed.1994).

The seven interrogatories currently before the Court contain a total of 117 subparts. Depending on the nature and character of the subparts, these seven numbered interrogatories may constitute anywhere from seven to 117 separate interrogatories. Al-

---

**2.** The maximum number of interrogatories allowed to be served by each party to another was set forth and agreed to by the parties in section 3(d) of their Report of Parties' Planning Meeting (doc. 20). The Court adopted this limit, as well as other provisions within the Report, in paragraph d of the Scheduling Order in this case (doc. 21).

though the Court is not inclined to review in detail each of the 117 subparts to determine whether (a) they are subsumed by the interrogatory under which they are set forth; or (b) are requests for discrete information only marginally related to the interrogatory under which it is set forth, a summary review of the interrogatories and the myriad of subparts attached thereto leads the Court to believe that defendant The Board of County Commissioners has exceeded the maximum number of interrogatories allowed to be served by each party pursuant to the Scheduling Order entered in this matter.

Rule 16 of the Federal Rules of Civil Procedure provides that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just." Fed. R.Civ.P. 16(f); *see also* Fed.R.Civ.P. 37(b)(2) ("[I]f a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just.") Given the Court finds defendant The Board of County Commissioners has exceeded the maximum number of interrogatories allowed to be served by each party (and thus has violated the Scheduling Order entered in this matter), the Court concludes Plaintiff should not be required to answer the interrogatories as propounded. The Board of County Commissioners may, however, within ten (10) days from the date of this Order, propound not more than twenty-six[3] interrogatories, *including all discrete subparts,* to Plaintiff. Plaintiff shall respond to the amended interrogatories as set forth in Fed.R.Civ.P. 33.

### b. Interrogatory 12 Propounded by Defendant Jeffery Jacks

Defendants next seek to compel a response from Plaintiff to defendant Jacks' Interrogatory 12, which provides:

Please state your sexual history, including

(a) Whether you have ever had any sexually transmitted diseases, including in your answer: the circumstances under which the sexually transmitted disease was contracted and the name, address and telephone number of the person suspected of transmitting the disease;

(b) The age at which you first had sexual intercourse; and

(c) the names and addresses of those persons with whom you have been sexually active within the last five (5) years.

Plaintiff objects to this interrogatory by arguing first, that the information requested is not relevant pursuant to Fed.R.Civ.P. 26(b)(1) and second, that the information is not admissible at trial under Fed.R.Evid. 412. In response, Defendants argue the information requested in Interrogatory 12 is relevant, because it will help determine the cause of the emotional damage Plaintiff claims she has suffered. Defendants also argue Rule 412 is not applicable in the discovery stage of these proceedings.

▮ The Court first addresses Plaintiff's objections on grounds of relevancy pursuant to Fed.R.Civ.P. 26(b)(1). Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the subject matter of the action. *Scott v. Leavenworth Unified School District No. 453,* 190 F.R.D. 583, 585 (D.Kan. 1999); *Etienne v. Wolverine Tube, Inc.,* 185 F.R.D. 653, 656 (D.Kan.1999); *see also Snowden v. Connaught Labs.,* 137 F.R.D. 336, 341 (D.Kan.1991) (holding that a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing on the subject matter of the action.") When the discovery appears relevant on its face, the party resisting the discovery has the burden to establish lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under

---

**3.** Not counting subparts, defendant The Board of County Commissioners propounded eleven interrogatories upon Plaintiff. Four of those eleven interrogatories propounded apparently have been answered to Defendants' satisfaction and are not before the Court. Subtracting these four interrogatories from the maximum of thirty permitted by the Scheduling Order, this leaves defendant The Board of County Commissioners with twenty-six more interrogatories left to propound.

Fed.R.Civ.P. 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott,* 190 F.R.D. at 585 (citations omitted).

▇ As stated above, Defendants contend the information requested in Interrogatory 12 is relevant because it goes to the cause of Plaintiff's claimed emotional distress. Upon consideration of Defendants' contention, the Court finds that on the face of the request, there is a possibility, however slight, that the information sought in Interrogatory 12 could be relevant to Plaintiff's claim for emotional distress damages. Given the possibility of relevance from the face of the request, the burden shifts to Plaintiff—as the party resisting discovery—to establish lack of relevance. *See Scott,* 190 F.R.D. at 585 (holding that when the discovery appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance.)

Under the first prong of the *Scott* relevance test, Plaintiff argues Interrogatory 12 is not relevant because none of the information requested—whether Plaintiff has ever had a sexually transmitted disease, the age at which Plaintiff first had sexual intercourse and persons with whom Plaintiff has been sexually active during the last five years—bears on the emotional distress suffered by Plaintiff as a result of the isolated sexual conduct alleged in her Complaint.[4] Plaintiff argues that in order to be relevant, an interrogatory bearing on her claim for emotional distress damages specifically would have to inquire into whether Plaintiff had ever experienced emotional trauma as a result of other sexual encounters, sexual assaults or rapes.

Although the Court agrees that an interrogatory containing the alternative language proposed by Plaintiff appears relevant on its face, the Court finds it difficult to conclude, given the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), that Interrogatory 12 as originally set forth by Defendants has absolutely no relevance to Plaintiff's claim for emotional distress damages. Given

a possibility of relevance, however remote, the Court necessarily must find the information requested relevant under the first prong of the *Scott* test.

Notwithstanding a finding of relevance under the first prong, the second prong of the *Scott* test permits the party resisting discovery to establish overall lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott,* 190 F.R.D. at 585 (citations omitted). In appropriate circumstances, this prong of the *Scott* test permits the Court to impose certain restrictions on discovery in order to protect a party from potential harm. *See id.*

Upon consideration of the unique circumstances presented here, the Court finds the marginal relevance of Interrogatory 12 is outweighed by the potential harm to Plaintiff. Although Defendants generally suggest Interrogatory 12 is relevant to the cause of Plaintiff's claimed emotional distress, Defendants fail to suggest any set of circumstances demonstrating how emotional distress allegedly caused by an involuntary sexual encounter at the hands of police officer Jeffery Jacks could be even remotely related to whether Plaintiff has ever had a sexually transmitted disease, the age at which Plaintiff first had sexual intercourse and persons with whom Plaintiff has been sexually active during the last five years. Conversely, there is an inordinate risk of harm to Plaintiff if the Defendants are permitted to inquire into intimate sexual details of Plaintiff's life. Examples of such harm include the unjustified invasion of privacy into Plaintiff's life, the potential for public and private embarrassment to Plaintiff as a result, and the likelihood of significant prejudice based on improper sexual stereotyping. Based on these facts, and the applicable law, the Court finds Interrogatory 12 is not relevant because it is of such marginal relevance that the potential harm from such discovery outweighs disclosure of these facts in this cause of action.

---

4. Plaintiff also argues that the written discovery is an inappropriate method to discover information relating to the cause of her emotional distress. The Court finds no legal authority, and Plaintiff fails to cite to such authority, to support this argument.

Therefore Defendants' motion will be overruled.[5]

In addition to its finding pursuant to Fed. R.Civ.P. 26(a)(1), the Court deems it worthwhile to discuss Plaintiff's Fed.R.Evid. 412 argument. The Court notes application of Rule 412 to the facts presented here triggers the same balancing test discussed above. Rule 412 of the Federal Rules of Evidence provides, in pertinent part:

(a) Evidence generally inadmissible.—The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) Evidence offered to proved that any alleged victim engaged in other sexual behavior.

(2) Evidence offered to prove any alleged victim's sexual predisposition.

(b) Exceptions.— . . .

(2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it is has been place in controversy by the alleged victim.

Fed.R.Evid. 412.

Although Rule 412 is a rule controlling the admissibility of evidence rather than its discoverability, numerous court have applied the rule to decide discovery motions. *See Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab.*, 171 F.R.D. 179, 182 (D.Md. 1997) (court "must look to both Fed.R.Civ.P. 26 and Fed.R.Evid. 412" to determine whether requested discovery is appropriate); *Barta v. City and County of Honolulu*, 169 F.R.D. 132, 135 (D.Haw.1996); *Sanchez v. Zabihi*, 166 F.R.D. 500, 502 (D.N.M.1996); *Burger v. Litton Indus.*, 91 Civ. 0918(WK)(AJP), 1995 WL 476712, at *2 (S.D.N.Y. Aug. 10, 1995) (although Rule 412 "does not apply directly to discovery . . . the Court must consider it 'in order not to undermine [its] rationale.'" (quoting Fed.R.Evid. 412 advisory committee notes (1994 amend.)))

As set forth in the Advisory Committee Notes related to the 1994 amendments, a central purpose of Rule 412 is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo *into the factfinding process.*" Fed.R.Evid. 412 Advisory Committee Notes (1994 amend.) (emphasis added).[6] For these reasons, the Court finds that the rationale of Rule 412 also protects Plaintiff from having to answer Interrogatory 12.

#### c. Interrogatory Verifications

Defendants move to compel Plaintiff to submit verifications authenticating Plaintiff's answers to all of her original and supplemental interrogatory responses. In her response, Plaintiff states she will provide these verifications as requested. Accordingly, Defendants' motion with respect to submission

---

**5.** Although the Court makes its finding pursuant to Fed.R.Civ.P. 26(a)(1) and Fed.R.Evid. 412, the Court notes the balancing test set forth in Fed. R.Civ.P. 26(c) addressing the issue of protective orders in the discovery process is almost identical to the balancing test utilized by the Court to make its finding above.

**6.** Notwithstanding this reference to the factfinding stage of litigation, the notes go on to state that "discovery of a victim's past sexual conduct or predisposition in civil cases" will continue to be governed by Fed.R.Civ.P. 26. *Id.* The notes further provide that

[i]n order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed.R.Civ.P. 26(c) to

protect the victim against unwarranted inquiries and to ensure confidentiality. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery. In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-work place conduct will usually be irrelevant.

*Id.*

of verifications will be granted and, if Plaintiff has not yet done so, she shall provide the verifications as requested within ten (10) days from the date of this Order.

#### d. Requests 5 and 10

██ Defendants seek an order compelling Plaintiff to produce documents and things in response to Requests 5 and 10 propounded by defendant The Board of County Commissioners. Request 5 seeks fully executed employment releases for Plaintiff's employers over the past twelve years and Request 10 seeks Plaintiff's federal and state income tax returns for the years 1993 through 1998. Defendants' sole argument in support of discovering the records from Plaintiff's previous employers is that they are "entitled" to discover them "[u]nder the broad dictates of Fed.R.Civ.P. 26(b)(1)." Defendants' Motion to Compel at ¶ 12 (doc. 57); Defendants' Reply at ¶ III (doc. 63). In response, Plaintiff states records regarding her previous employment and her tax records are not relevant to this action given she is not seeking damages for any lost wages.

"Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan. 1991). A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence. When the relevancy of propounded discovery is not apparent, however, its proponent has the burden to show the discovery relevant. *Pulsecard, Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 309 (D.Kan.1996).

In her Complaint, Plaintiff alleges violations of her civil rights and Defendants' neg-

ligence with respect to its employees. Plaintiff does not make a claim for back pay as damages in this action. Accordingly, the Court fails to see how the employment records and the tax returns requested are relevant or reasonably calculated to lead to the discovery of admissible evidence. *See Gheesling v. Chater*, 162 F.R.D. 649, 650 (D.Kan. 1995) (when party seeking discovery fails to show relevance and court cannot otherwise determine how information sought is relevant, court will not compel requested discovery.) The Court will not compel Plaintiff to execute employment releases and will not compel production of the tax returns as requested.

#### 2. Defendants' Motion to Compel and for Sanctions(Doc. 73)

██ Defendants filed this motion on December 3, 1999 to compel Plaintiff to produce herself for deposition on December 13, 1999. In anticipation of Plaintiff's failure to appear, Defendants also requested sanctions pursuant to Fed.R.Civ.P. 37(d). Counsel for Defendants, however, notified the Court via telephone on April 21, 2000 that the portion of their motion requesting Plaintiff produce herself for deposition is now moot. Counsel further indicated by telephone their desire for the Court to rule on that portion of the motion requesting sanctions. Pursuant to Defendants' request, the Court will deny as moot that portion of the motion requesting Plaintiff appear for deposition and will rule on the request for sanctions.

On November 29, 1999, Defendants served upon Plaintiff's counsel an Amended Notice of Deposition for plaintiff Robin Tamara Williams.[7] Defendants' Motion to Compel at ¶ 15 (doc. 73). Defendants did not consult with Plaintiff's counsel about this date prior to serving the notice. *Id.*[8] On December 3,

---

7. Although the parties' briefs set forth in great detail their individual versions of previous attempts to schedule Plaintiff's deposition, only the December 13, 1999 notice is relevant to Defendants' Motion for Sanctions.

8. Defendants' motion is replete with detailed facts regarding communication with Plaintiff's counsel on numerous other occasions with respect to scheduling Plaintiff's deposition. Defendants fail, however, to assert in their original

brief that they attempted to confer with or notify Plaintiff's counsel regarding the December 13, 1999 date. (*See* doc. 73). And, although Defendants explicitly refute the contention in ¶ 5 of Plaintiff's response brief (*see* Defendants' Reply at ¶ 1e, doc. 75), they do not refute the contention in ¶ 6 of Plaintiff's Response, which alleges Defendants failed to contact counsel for Plaintiff prior to Defendants' issuing the notice.

1999, four days after service and apparently without communicating with Plaintiff regarding the notice, Defendants filed a motion to compel Plaintiff's attendance at the December 13, 1999 deposition. On December 8, 1999, counsel for Plaintiff communicated to Defendants via written correspondence that he was unavailable to produce his client for deposition on December 13, 1999 due to his previously scheduled appearance at a Missouri Workers' Compensation Hearing. Plaintiff's Response, Exhibit A (doc. 74). In a letter from Defendants' counsel to Plaintiff's counsel dated December 10, 1999, Defendants' counsel requested Plaintiff's counsel forward dates and times to reschedule the December 13, 1999 deposition. Defendants' Reply, Exhibit 3 (doc. 75).

Rule 37(d) provides, in pertinent part, that if a party "fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, ..., the court in which the action is pending on motion may make such orders in regard to the failure as are just." Fed.R.Civ.P. 37(d). Upon careful review of the facts presented in support of this Rule 37(d) motion for sanctions, there is no evidence before the Court to establish that Plaintiff failed to appear for a scheduled deposition on December 13, 1999. In a letter from Defendants' counsel to Plaintiff's counsel dated December 10, 1999, Defendants' counsel requested Plaintiff's counsel forward dates and times to *reschedule* the December 13, 1999 deposition. Based on mandatory language within Rule 37(d) requiring actual failure to report to a scheduled deposition before sanctions can be imposed, and based on Defendants' failure to allege in sufficient detail Plaintiff's failure to report to a scheduled deposition, Defendants' motion for sanctions will be denied.

### 3. Defendants' Request for Fees and Expenses

Defendants seek to recover the fees and expenses they incurred in connection with these motions to compel. Fed.R.Civ.P. 37(a)(4)(C) provides that "the court may ... apportion reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." In this instance justice requires that each party be responsible for their own costs and expenses incurred.

Accordingly, it is hereby ORDERED that Defendants' Motion to Compel Discovery (doc. 57) is *granted in part and denied in part:*

(1) The motion to compel is granted as to Defendants' request compelling Plaintiff to submit verifications authenticating Plaintiff's answers to all of her original and supplemental interrogatory responses. If Plaintiff has not already done so, she shall provide the verifications as requested within ten (10) days from the date of this Order.

(2) The motion to compel is denied as to Defendants' request for an order compelling Plaintiff to fully answer Interrogatories 4, 5, 6, 8, 9, 10 and 11 propounded by defendant The Board of County Commissioners, to fully answer Interrogatory 12 propounded by defendant Jeffery Jacks, and to produce documents and things in response to Requests 5 and 10 propounded by defendant The Board of County Commissioners.

It is further ORDERED that defendant The Board of County Commissioners may, within ten (10) days from the date of this Order, propound not more than twenty-six interrogatories, including all discrete subparts, to Plaintiff. Plaintiff shall respond to the amended interrogatories as set forth in Fed.R.Civ.P. 33.

It is further ORDERED that Defendants' Motion to Compel and for Sanctions (doc. 73) *is denied.*

IT IS SO ORDERED.