Larry NYFIELD, Plaintiff,

v.

VIRGIN ISLANDS TELEPHONE CORP., St. Croix Cable TV, Inc., Innovative Communication Corp., and Jeffrey Prosser, Defendants

No. CIV.1999/202–MR.

District Court,
Virgin Islands,
St. Croix Division.

May 10, 2001.

Lee J. Rohn, Christiansted, VI, for plaintiff.

Kevin Rames, Christiansted, VI, for defendant.

## ORDER ON PLAINTIFF'S MOTION TO PROPOUND EXCESS INTERROGATORIES

RESNICK, United States Magistrate Judge.

THIS MATTER came for consideration on Plaintiff's Motion to Propound in Excess of Twenty–Five Interrogatories. Defendants filed opposition to the motion and Plaintiff replied to such opposition.

Plaintiff's motion is pursuant to Fed. R.Civ.P. 26(b)(2). Plaintiff seeks court sanction for his already propounded forty-two (42) interrogatories to ICC, thirty-four (34) interrogatories to Vitelco, and forty-three (43) interrogatories to St. Croix Cable TV. Plaintiff argues that each such set of interrogatories are properly numbered in that the subparts thereof are "...logically or factually subsumed within and necessarily related to the primary question" citing *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (D.Nev.1997). Plaintiff cites the affirmative defenses raised by Defendants and that Plaintiff may inquire with regard thereto. Plaintiff further argues that this case raises "unique and difficult questions" involving illegal transfer of Plaintiff between corporations.

Defendants contend that Plaintiff's subparts extend the excessive interrogatories beyond their stated number and that Plaintiff has not demonstrated the need for excess interrogatories. Defendants assert that the case "is nothing more than one in which Plaintiff and others were transferred as the result of a re-organization."

Upon review Plaintiff's complaint does not seem inordinately complex. Defendants have each filed seventeen (17) affirmative defenses of which sixteen (16) are applicable.[1]

*Regarding subparts:*

■ As stated in *Williams v. Board of County Commissioners of the Unified Government of Wyandotte County et al.*, 192 F.R.D. 698, 701 (D.Kan.2000):

Interrogatories often contain subparts. Some are explicit and separately numbered or lettered, while others are implicit and not separately numbered or lettered. Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a), or in a scheduling order, by rendering it meaningless unless each subpart counts as a separate interrogatory. On the other hand, if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic. The Advisory Committee addressed this issue and provided some guidance as to when subparts should and should not count as separate interrogatories:

Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Advisory Committee Note, 146 F.R.D. 401, 675–676 (Fed.1993.).

■ This Court has previously held that it will use rules of reasonability and fairness in compressing subparts to count against such limit. *Henderson v. Pueblo Int'l, Inc.*, STX Civ. No.1991/251 (Order dated 1/29/92). See: *Williams v. Board of County Commissioners*, 192 F.R.D. 698, 701 (D.Kan.2000); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 444–45 (C.D.Cal.1998); *Kendall v. GES Exposition Services, Inc. et al.*, 174 F.R.D. 684, 685–86 (D.Nev.1997):

Probably the best test of whether questions with a single interrogatory are subsumed or related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of

---

1. Paragraph 45 in each answer is not relevant to these Defendants

the first question? Genuine sub-parts should not be counted as separate interrogatories notwithstanding that they are joined by a conjunctive word and may be related.

■ The Court will adopt the *Kendall* standard as set out above. Upon review of the subject interrogatories pursuant thereto, it appears that some contain allowable related subparts and that others contain subparts that must be separately counted. *By way of example* the Court notes the following:

*Regarding Interrogatories to ICC*

1. Interrogatories Nos. 1–3, 8–15, and 17 with subparts may each be considered single interrogatories.

2. Interrogatories Nos. 4, 5, & 6 constitute two interrogatories each. One inquires concerning receipt of IDC benefits and the other with efforts and action taken in order to comply with the terms thereof.

3. Interrogatory No. 7 constitutes two interrogatories. One inquires concerning the reason for elimination of Plaintiff's position and the other concerns those persons who were involved in the decision making process.

4. Interrogatory No. 16 constitutes two interrogatories. One inquires concerning the reason for Plaintiff's transfer and the other concerns those persons who were involved in the decision-making process.

The Advisory Committee note provides that leave to serve additional interrogatories is to be allowed when consistent with Rule 26(b)(2). Upon consideration of all pleadings herein, the Court finds it appropriate to allow Plaintiff a 20% increase in allowable interrogatories (i.e. five per Defendant).

Accordingly, for the reasons above stated, it is hereby;

**ORDERED** as follows:

1. Defendants need not respond to the extant interrogatories.

2. Plaintiff's motion to propound excess interrogatories is GRANTED in part, and Plaintiff my re-propound thirty (30) interrogatories to each Defendant. Subparts shall be counted in accordance with the *Kendall* standard and the examples referred to above.

3. Prior to filing any further motion with regard to this subject, the parties must **meet and confer** and attempt to resolve any dispute. If not resolved, any motion filed must include a certificate indicating the particular interrogatories at issue and the particular dispute concerning their count. Any interrogatories eliminated by the Court as being in excess of this Order will be taken from the latest numbered interrogatories first.

4. Nothing herein is determinative of the relevancy or non-privileged matter of any proposed interrogatories. When the correct number of interrogatories have been propounded, Defendants may respond or object as deemed appropriate.