**In re QWEST COMMUNICATIONS IN-TERNATIONAL, INC. SECURI-TIES LITIGATION.**

Civil Action Nos. 01–cv–01451–REB–CBS, 01–RB–1472, 01–RB–1527, 01–RB–1616, 01–RB–1799, 01–RB–1930, 02–RB–333, 02–RB–374, 02–RB–507, 02–RB–658, 02–RB–755, 02–RB–798, 04–RB–0238.

United States District Court,
D. Colorado.

June 7, 2005.

Jeffrey Allen Berens, Dyer & Berens, LLP, Robin Lee Nolan, Berenbaum Weinshienk, PC, Denver, CO, Keith F. Park, Michael J. Dowd, Scott Saham, Spencer A. Burkholz, Thomas E. Egler, X. Jay Alvarez, Robbins Geller Rudman & Dowd, LLP, San

Diego, CA, Kip Brian Shuman, Shuman Law Firm, Boulder, CO, Christopher J.W. Forrest, Clyde A. Faatz, Jr., Hamilton Faatz & Waller, P.C., Greenwood Village, CO, Geoffrey C. Jarvis, Michael James Barry, Grant & Eisenhofer, P.A., for Plaintiffs.

Edward S. Nathan, Herbert J. Stern, Jeffrey Speiser, Joel M. Silverstein, Stern & Kilcullen, LLC, Roseland, NJ, John M. Richilano, Richilano Shea, LLC, Denver, CO, for Defendants.

## ORDER DENYING MOTION TO COMPEL DISCOVERY

CRAIG B. SHAFFER, United States Magistrate Judge.

This civil action comes before the court on Defendant Arthur Andersen LLP's ("Andersen") Motion to Compel Discovery [# 586], filed March 9, 2005, Pursuant to a Memorandum [# 588] dated March 10, 2005, the motion was referred to the Magistrate Judge. The court has reviewed the motion, Plaintiff's Opposition [# 603] filed March 29, 2005, Andersen's Reply [# 630], filed April 13, 2005, the arguments of counsel presented at hearings held on March 1, 2005 and April 18, 2005, the case file, the exhibits, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the court denies the Motion.

## I. Statement of the Case:

This action was brought by shareholders of Qwest against Qwest, Qwest's outside auditor Arthur Anderson LLP, and certain current and former officers and directors of Qwest. Plaintiffs have alleged that between May 24, 1999 and July 28, 2002, Defendants made various false and misleading statements concerning the business and financial conditions of Qwest, and/or undertook a course of action that violated the federal securities laws. Plaintiffs seek to represent a class of similarly-situated investors. The Fifth Consolidated Amended Complaint asserts claims for violation of section 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and Rule 10b–5 and sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. § 77k and § 77o. (*See* Fifth Amended Complaint at pp. 195–200, ¶¶ 404–428). The Fifth Amended Complaint reiterates claims against Defendants Qwest, Nacchio, Anschutz, Szeliga, Woodruff, Tempest, Smith, Slater, and Andersen. The Fifth Amended Complaint also attempts to revive claims against Jacobsen, Weisberg and Wilks, as well as to join new defendants Afshin Mohebbi, Gregory Casey, and Vinod Khosla.[1]

During August and September 2001, New England Health Care and Employees Pension Fund ("New England"), Stanton Discount Pharmacy, Douglass Urquhart, Tyler Del Valle Grady, Robert Kline—("Named Plaintiffs")—and Leon Golinsky each filed a securities class action suit on behalf of a putative class of purchasers of Qwest's publically traded securities. All six actions were subsequently consolidated as *In re Qwest Communications International, Inc. Securities Litigation,* CV–No. 01–RB–1451 (D.Colo.). On September 25, 2001, the so-called Qwest Investor Group moved the court to appoint as lead plaintiffs pursuant to the PSLRA plaintiff New England, as well as four individuals—Clifford Mosher, Matthew B. Sellers, Tijinder Singh and Satpal Singh—who had not filed suit. The court granted this motion. Thereafter, the Lead Plaintiffs filed a consolidated amended class action complaint, which they amended several times.

In November 2002, Lead Plaintiffs designated the Teamsters Plaintiffs as additional class representatives. After the defendants' motions to dismiss the Fourth Amended Complaint were resolved, Lead Plaintiffs served their initial disclosures pursuant to FED.R.CIV.P. 26(a). Shortly thereafter, Andersen asked for initial disclosures from the Teamsters Plaintiffs. Lead Plaintiffs advised Andersen that they were no longer proposing the Teamsters Plaintiffs as class representatives and therefore would not be making initial disclosures on their behalf. The Named Plaintiffs, all of whom filed a com-

---

1. Since the filing of the Fifth Amended Complaint, some of these defendants have been dropped.

plaint that was consolidated into this action, failed to provided any initial disclosures mandated by the Federal Rules of Civil Procedure. On April 22, 2004, discovery was stayed.

On December 13, 2004, after the stay of discovery was lifted, Andersen propounded document requests and interrogatories upon "all Plaintiffs in the above-captioned matter." These requests expressly defined "Plaintiffs" to include "any and all lead plaintiffs named in the Complaint [and] any and all plaintiffs who have filed claims against the defendants in the above-captioned matter but are not named as lead plaintiffs in the Complaint." The Named Plaintiffs have failed to file any objections or otherwise respond to Andersen's discovery requests.

Pursuant to FED.R.CIV.P. 26 (a) & (b) and FED.R.CIV.P. 37, Defendant Andersen asks the court to order Named Plaintiffs and the International Brotherhood of Teamsters and Teamsters Joint Council No. 83 of Virginia Health and Welfare Pension Funds ("Teamsters Plaintiffs") to make initial disclosures required by FED.R.CIV.P. 26(a), and to compel Named Plaintiffs to respond to Andersen's document requests 1–5, 8, and 14–16 and interrogatories 1 and 2 pursuant to FED. R.CIV.P. 26(b).

## II. Analysis:

FED.R.CIV.P. 26(a) expressly provides that "a party must, without awaiting a discovery request, provide to other parties" the disclosures required by the Rule. FED.R.CIV.P. 33 and 34 provide that "any party may serve upon any other party" written interrogatories or document requests. FED.R.CIV.P. 33(a), 34(a).

Each of the Named Plaintiffs has filed suit in this matter. The Teamster Plaintiffs were noticed as additional class representatives. Andersen contends that, as parties, the Named Plaintiffs and Teamsters Plaintiffs are properly subject to discovery within the meaning of the discovery rules. Andersen argues that named plaintiffs, generally, are always parties subject to initial disclosure obligations. *See In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D.Ill. 1979). As such, both the Named and Team-ster Plaintiffs must provide to Andersen initial disclosures required by FED.R.CIV.P. 26(a).

FED.R.CIV.P. 26(b) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). *See also Williams v. Board of County Commissioners*, 192 F.R.D. 698, 702 (D.Kan.2000) (request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense).

## A. Discovery from Named Plaintiffs:

■ This action is brought under the federal Securities Exchange Act of 1934 and the Securities Act of 1933. These acts were amended by the PSLRA, which requires the court to select Lead Plaintiffs. Named Plaintiffs, unlike Lead Plaintiffs, are not generally subject to discovery. *See In re Lucent Techs., Inc. Sec. Litig.*, No. 00 CV 621(JAP), 2002 WL 32818345, 2002 U.S. Dist. LEXIS 8799 (D.N.J. May 7, 2002). Instead, Named Plaintiffs are on "equal footing" with absent class members. *Id.*, at *1, 2002 U.S. Dist. LEXIS 8799, at *4. Non-lead plaintiffs tend to have only a "passive role" in the litigation, rendering them "akin to 'absent class members' as to whom special rules of discovery apply." *Kops v. Lockheed Martin Corp.*, No. CV 99–6171–MRP, 2003 U.S. Dist. LEXIS 8568, *5–6 (C.D.Cal. May 14, 2003). Therefore, the court concludes that unlike Lead Plaintiffs, Named Plaintiffs are not always parties subject to initial disclosure and discovery obligations.

■ A party seeking discovery from absent class members, such as the Named Plaintiffs, must establish the following conditions:

1. That the information sought is necessary to a trial of issues affected the class as a whole, rather than issues relating to individual claims;

2. That the information sought must not be readily obtainable from other sources; and

3. That the discovery must not be unduly burdensome, and must not have been demanded for an improper purpose (e.g., to harass absent class members, or to force them to opt out of the class.). *See id.,* at *4.

■ Andersen claims that its requests call for information regarding the Named Plaintiffs' transactions in Qwest and U.S. West securities, (Requests Nos. 1–4, 15 & Interrog. 1), communications that Named Plaintiffs had with their investment advisors or consultants regarding transactions in Qwest securities (Request 8), and documents reflecting trading activities and relating to investment guidelines, protocols or strategies (Request Nos. 14 & 16).

Andersen claims this requested discovery is relevant to the merits of the plaintiffs' individual claims for three reasons:

1. Because information regarding the Named Plaintiffs' trading activities, strategies, and sophistication are relevant to the reliance element of plaintiffs' claim and to whether plaintiffs relied on the integrity of the market;

2. Because discovery of the Named Plaintiffs' trading activities is relevant to the loss causation element of plaintiffs' claim; and

3. Because the information sought may relate to Andersen's statute of limitations defense.

In response, the Named Plaintiffs claim that Andersen has failed to show any reason why the information sought is relevant. They claim that the relevance of Andersen's requests "is belied by the fact that Andersen did not list any of the individuals and entities at issue here on either set of its own initial disclosures. Nor are any of these individuals named in any consolidated complaint." *Opposition, p. 11.*

Named Plaintiffs argue that Andersen has not made the requisite showing it must to seek information regarding trading activities, strategies, and sophistication. They claim Andersen must, but has not, established that the information sought is necessary to trial of issues affecting the class; that the information is not obtainable elsewhere; or that the discovery is not unduly burdensome, or demanded for an improper purpose. *See Kops,* 2003 U.S. Dist. LEXIS 8568, *5–6. Specifically, Plaintiffs note that Andersen has admitted that most of the discovery it seeks is only "relevant to the merits of the plaintiffs' individual claims, not to the class as a whole." Plaintiffs argue that Andersen shows no reason why the sample of seven individuals and entities from whom they seek information—which happens to comprise less than one hundredth of one percent of the class—represents a cross section of the class in this case.

Additionally, Named Plaintiffs argue that the court's decision in *Lucent,* supports their argument. In *Lucent,* a defendant sought to compel discovery from the forty-one named, non-lead plaintiffs. The defendant argued that the information was necessary to rebut the fraud-on-the-market theory at issue in the case. The *Lucent* court rejected the defendant's motion because the discovery sought from the named, non-lead plaintiffs would not establish proof of liability. *Id.,* at *1–2, 2002 U.S. Dist. LEXIS 8799, at *5. ("[c]onclusions drawn from the experience of this handful of named parties cannot be extrapolated to represent the experience of a class of hundreds of thousands of individuals of which the ... class is comprised.") The court reasoned: "individualized questions of reliance will not in this case illuminate a determination of class-wide liability or bear on the inquiry into whether the class representative claims are typical of the entire class." *Id. See also, In re Lucent Techs., Inc. Sec. Litig.,* No. 00 CV 621(JAP), 2002 WL 32815233, 2002 U.S. Dist. LEXIS 24973 (D.N.J. July 16, 2002) (affirming Magistrate Judge's opinion and letter concluding the same). *But see In re Folding Carton,* 83 F.R.D. 260 (N.D.Ill.1979) (anti-trust litigation) (holding that named parties are always parties subject to discovery, while absent class members are not subject to discovery).

Based on the foregoing, this court finds that Andersen has not met its burden and denies its motion as to the Named Plaintiffs.

**B. Discovery from Teamster Plaintiffs:**

■ Andersen points out that Lead Counsel—without first seeking leave of the

court—purported to designate the Teamster Plaintiffs as class representatives, but withdrew that designation once Andersen asked for initial disclosures from the Teamster Plaintiffs. Andersen claims that Teamster Plaintiffs cannot avoid making the disclosures required by FED.R.CIV.P. 26(a) & (b) by withdrawing the Teamster Plaintiffs' class representative designation.

In response, Teamster Plaintiffs claim that because they are not parties and have never filed a complaint in this action, they are not amenable to discovery requests and do not need to make initial disclosures. Teamster Plaintiffs concede that they did file a notice expressing interest in serving as class representatives, but withdrew the notice. However, they note that for almost a year before the motion to certify the class was filed, Andersen knew that the Teamster Plaintiffs had chosen not to participate as class representatives.

Further, even if Teamster Plaintiffs were parties to this action, they claim that Andersen has failed to show a particularized need for information. Andersen argues that it is only seeking "trading activities, strategies and sophistication, their reliance upon Andersen, if any, and information relating to Andersen's statute of limitations defense. However, in seeking this information, Andersen has not shown that the information is necessary to trial of issues affecting the class as a whole; that the information is not readily obtainable from other sources; or that the discovery is not unduly burdensome. *See Kops,* 2003 U.S. Dist. LEXIS 8568, at *4.

In support of its "trading activities, strategies and sophistication" argument, Andersen shows no reason why the sample of seven individuals and entities represent a cross section of the class in this case. *See Lucent,* 2002 WL 32818345, at *1–2, 2002 U.S. Dist. LEXIS 8799, at *5. As to its "loss causation" argument, these parties did not name Andersen as a defendant and had no involvement in the consolidated complaint. Discovery of the Teamster Plaintiffs may be appropriate in the later stages in this case once the matter of liability is adjudicated, but it is not now. *See id.,* at *2, 2002 U.S. Dist. LEXIS 8799, at *6. Finally, as to its "statute of limitations"

defense, Judge Blackburn rejected the defense in his November 30, 2004, Order: "I find that these allegations [in the complaint] are timely." *See November 30, 2004, Order Concerning Defendants' Motion to Dismiss,* at 21. Therefore, the court agrees with Teamster Plaintiffs' arguments and denies Andersen's motion as to the Teamster Plaintiffs.

Accordingly,

IT IS ORDERED that "Arthur Andersen LLP's Motion to Compel Discovery" [# 586], filed March 9, 2005, **IS DENIED.**