**Phyllis Wilson HOFFMAN, Plaintiff, and**

**Equal Employment Opportunity Commission, Plaintiff-Intervenor**

**v.**

**UNITED TELECOMMUNICATIONS, INC., et al., Defendants.**

**Civ. A. No. 76–223–C2.**

United States District Court, D. Kansas.

May 12, 1987.

See also, D.C., 117 F.R.D. 139.

Karen A. Plax, Kansas City, Mo., David J. Waxse, Overland Park, Kan., for plaintiff.

Edward Boddington, Jr., Kansas City, Kan., Gerald S. Hartman, Washington, D.C., John J. Cassidy, Jr., James S. Petrie, Michael G. Cleveland, Chicago, Ill., Richard J. Croker, Westwood, Kan., for defendants.

Amanda S. Meers, Asst. U.S. Atty., Kansas City, Kan., James R. Neely, Jr., Gretchen D. Huston, Robert G. Johnson, St. Louis, Mo., for plaintiff-intervenor.

## MEMORANDUM AND ORDER

GERALD L. RUSHFELT, United States Magistrate.

Under consideration are Defendants' Motion to Compel Answers to Their Interrogatories Regarding Existence of Facially Neutral Personnel Policies, Practices and Procedures Alleged to Have a Disparate Impact on Females and Claims of Intentional Sex Discrimination—First Set (doc. 739) and Plaintiff and Plaintiff-Intervenor's Motion to Compel Answers to Interrogatories (doc. 742).

Defendants' Motion to Compel (doc. 739)

Defendants request a court order, pursuant to Fed.R.Civ.P. 37, compelling plaintiff-intervenor to answer 24 interrogatories

which seek the identification and other information regarding policies, practices and procedures of defendants which plaintiff-intervenor finds discriminatory or has a disparate impact on females. Each odd-numbered interrogatory requests information regarding an area of possible discrimination. Each even-numbered interrogatory asks plaintiff-intervenor to explain any reasons for not answering the previous interrogatory fully and to state what further discovery must be undertaken in order for plaintiff-intervenor to answer it.

Plaintiff-intervenor answered the odd-numbered interrogatories by stating that the policies, practices and procedures responsive to these interrogatories are contained in documents either produced by defendants or previously given to defendants. Plaintiff-intervenor then cited to Fed.R. Civ.P. 33(c) to support its position that defendant may derive detailed answers from those documents. However, plaintiff-intervenor then agreed to provide defendant with answers at such time as its own discovery would enable it to do so. Plaintiff also objected to sub-part (b) of each even-numbered interrogatory on work-product grounds.

■ Under Fed.R.Civ.P. 26(b), parties may obtain discovery of any matter, not privileged, which is relevant to the subject matter of the action. Plaintiff did not object to the odd-numbered interrogatories on grounds of privilege or work-product. Therefore it has waived any right to protection on those grounds. The court finds the odd-numbered interrogatories seek information that is relevant to the subject matter of this action.

■ Plaintiff-intervenor's reliance on Fed.R.Civ.P. 33(c) is not appropriate. This rule allows a party to produce its own business records in lieu of interrogatories in certain instances. The court finds unpersuasive plaintiff-intervenor's argument that because the Equal Employment Opportunity Commission's (hereinafter EEOC) business is the investigation of charges of employment discrimination, documents submitted by employers are therefore the business records of the EEOC. The court over-

rules plaintiff-intervenor's Rule 33(c) objection to answering these interrogatories.

■ The issue remaining as to the odd-numbered interrogatories is whether or not they are overly burdensome. In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information. *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir.1975). The burden is on plaintiff-intervenor to show why the interrogatory is improper. *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D. Pa.1980).

■ Plaintiff-intervenor claims that because the data is equally available to both parties, defendant should do its own research. There is case law supporting this view. Some courts, on the other hand, have ruled that an interrogatory calling for research is not objectionable, if the interrogated party would gather the information in the preparation of its own case. *See Flour Mills of America, Inc. v. Pace*, 75 F.R.D. 676, 680–81 (E.D.Okla.1977) and cases cited therein.

In its memorandum in opposition to defendant's motion to compel, plaintiff-intervenor cites two opinions by Magistrate Sullivant in this case, ruling that the EEOC should not have to structure defendant's case. Although such an objection to this discovery has merit, plaintiff-intervenor did not object to the odd-numbered interrogatories in its answers to the interrogatories. In fact, plaintiff-intervenor agreed to answer these interrogatories as it progressed in its own discovery and investigation process.

Moreover, the interrogatories seek information about the claims of plaintiff-intervenor in this case. The court will not require defendants to fathom what plaintiff-intervenor may elect to contend as claims from the thousands of documents which have been produced.

Defendant's motion to compel plaintiff-intervenor to answer to odd-numbered interrogatories is granted. Because this discovery appears to require extensive re-

search, plaintiff-intervenor shall be granted leave to November 15, 1987 to supplement its answers to these interrogatories.

■ Paragraph (b) of each even-numbered interrogatory requests plaintiff-intervenor to explain what further discovery it plans to pursue in order to answer the previous interrogatory. Plaintiff-intervenor objected to these questions on grounds of work-product. The court sustains plaintiff-intervenor's work-product objection to these interrogatories.

In summary, the court grants in part and denies in part Defendants' Motion to Compel Answers to Their Interrogatories Regarding Existence of Facially Neutral Personnel Policies, Practices and Procedures Alleged to Have a Disparate Impact on Females and Claims of Intentional Sex Discrimination—First Set (doc. 739). Plaintiff is ordered to answer Interrogatories 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21 and 23 by November 15, 1987.

Plaintiff and Plaintiff-Intervenor's Motion to Compel Answers to Interrogatories (doc. 742)

Plaintiff and plaintiff-intervenor request a court order pursuant to Fed.R.Civ.P. 37, compelling defendants to answer interrogatories concerning computer capability and related information (Exhibit A to doc. 743). In particular these interrogatories request detailed information regarding a computer file set up by defendants for the purposes of this litigation regarding the personnel records of United Telecommunications and its subsidiaries.

Interrogatories 1, 2, 4 and 5: The motion to compel is denied. These interrogatories have been answered.

Interrogatories 3, 7 and 8: These interrogatories request detailed information regarding the set up of defendant's computer file. Defendants objected to the interrogatories on work-product, attorney-client privilege grounds and under Fed.R.Civ.P. 26(b)(1), (3) and (4).

■ Attorney-Client Privilege: These interrogatories seek facts regarding defendants' computer file. The attorney-client privilege protects communications be-

tween attorney and client, not facts. This privilege should be narrowly construed. *See Casson Construction Co., Inc. v. Armco Steel Corp.,* 91 F.R.D. 376, 384 (D.Kan.1980). Defendants have not met the burden of showing the attorney-client privilege applies. *Barclaysamerican Corp. v. Kane,* 746 F.2d 653 (10th Cir. 1984). Therefore, defendants' attorney-client privilege objection to these interrogatories are overruled.

■ Work-Product Doctrine: This doctrine provided an almost absolute protection for an attorney's mental impressions and conclusions. This protection is not limited to documents and tangible things that are protected under Fed.R.Civ.P. 26(b)(3). *See Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Defendants have pointed out that this court has previously given work-product protection to a computer tape of defendants. Now before the court is the issue of whether or not collateral information regarding the set up of a computer file should be discovered.

■ The work-product doctrine does not protect from disclosure " 'facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.' " *Casson Construction Co., Inc. v. Armco Steel Corp.,* 91 F.R.D. 376, 385 (D.Kan.1980) [quoting C. Wright and A. Miller, Federal Practice and Procedure, § 2023 at 194 (1970)].

■ These interrogatories request more than whether or not the computer file exists. They, in effect, ask defendants to explain their discovery plan. Therefore, this information should be protected, at this time, as work-product. However, if defendants decide to use information derived from this computer file for expert's reports or any other evidence at trial, plaintiff and plaintiff-intervenors are to be provided with all the information requested concerning the computer file. *See City of Cleveland v. Cleveland Electric Illumi-*

**440**

*nating Co.,* 538 F.Supp. 1257, 1266–68 (N.D.Ohio 1980).

For the reasons stated above, plaintiff and plaintiff-intervenor's motion to compel defendants to answer Interrogatories 3, 7 and 8 is denied.

 Interrogatory 6: This interrogatory requests information regarding those who prepared the computer data. Defendants answered the interrogatory by referring to their objections to Interrogatory 3. As stated above, the work-product doctrine does not bar discovery of the identities of those from whom facts have been learned. However, under Fed.R.Civ.P. 26(b)(4), special protection is given to experts hired in anticipation of litigation who will not testify at trial. In the case of *Ager v. Jane C. Stormont Hospital & Training, etc.,* 622 F.2d 496, 503 (10th Cir.1980), the court held that the identity and other collateral information concerning experts retained or specially employed but not expected to be called as witnesses at trial is not discoverable, except upon a showing of exceptional circumstances. No such showing appears. Therefore, defendant should not be required to identify such experts in this case.

Interrogatory 6 also asks if the persons who prepared the data will be called as witnesses at trial. The selection of a particular witness to testify to a particular fact is part of the work-product of a lawyer. *See Brennan v. Engineered Products, Inc.,* 506 F.2d 299, 303 n. 2 (8th Cir.1974); *Truck Drivers & Helpers Local Union No. 696 v. Grosshans & Petersen, Inc.,* 209 F.Supp. 161 (D.Kan.1962). The court may, in its discretion require disclosure of the names of witnesses at a reasonable time before trial. *See Brennan* at 303.

Therefore, defendants are ordered to answer Interrogatory 6 with the exception of the identity of expert witnesses who will not testify. Also, defendants are not required to state whether or not those identified in Interrogatory 6 will be witnesses at this time.

Interrogatories 9 and 10: These interrogatories seem to fit the same category as Interrogatories 3, 7 and 8. They ask for facts regarding defendants' computer file. However, defendants did not object to Interrogatories 9 and 10. Defendants answered by referring to the deposition testimony of certain individuals. This is not a proper answer to an interrogatory. Incorporation by reference to a deposition is not a responsive answer. *Martin v. Easton Publishing Co.,* 85 F.R.D. 312 (E.D.Pa. 1980). Plaintiff and plaintiff-intervenor's motion to compel defendants to answer Interrogatories 9 and 10 is granted.

In summary, Plaintiff and Plaintiff-Intervenor's Motion to Compel (doc. 742) defendants to answer Interrogatories 1 through 5 and 7 and 8 is denied. The motion to compel as to Interrogatories 6, 9 and 10 is granted as herein set forth. Defendants are ordered to answer Interrogatories 6, 9 and 10 within 20 days of the date of this Order.

IT IS SO ORDERED.