Dennis BEACH, Plaintiff,

v.

CITY OF OLATHE, KANSAS,
et al., Defendants.

John H. Bunker, Plaintiff,

v.

City of Olathe, Kansas, et al., Defendants.

CIV.A. Nos. 99–2210–GTV, 99–2217–GTV.

United States District Court,
D. Kansas.

Sept. 17, 2001.

Stephen D. Bonney, Bonney Law Office, Fred L. Slough, Slough, Connealy, Irwin & Madden, Kansas City, MO, Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for plaintiffs.

Daniel B. Denk, Ryan B. Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendants.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on Plaintiff Dennis Beach's Motion to Compel Discovery (doc. 117) and Plaintiff John Bunker's Motion to Compel Discovery (doc. 122). Plaintiff Beach moves the Court for an order compelling Defendants to answer Plaintiff Beach's Second Set of Interrogatories, Nos. 1–6 and 9, and to produce documents responsive to Requests Nos. 1 and 8 of Plaintiff Beach's Second Request for Production of Documents. Plaintiff Bunker seeks an order compelling Defendants to answer Interrogatory Nos. 2–13 of Plaintiff Bunker's First Set of Interrogatories and produce documents in

response to Request No. 1 of Plaintiff Bunker's Request for Production of Documents. Subject to the limitations set forth below, plaintiffs' Motions to Compel are granted.

## I. BACKGROUND INFORMATION

Plaintiff Beach, who was formerly a detective-sergeant with the Olathe Police Department, brings this action under 42 U.S.C. § 1983 against the City of Olathe (the City), the City Manager, and the former Chief of Police of the Olathe Police Department, Phil Major. Plaintiff Beach claims that Defendants retaliated against him for speaking out about matters of public concern in violation of his rights to free speech and freedom of association under the First and Fourteenth Amendments. Plaintiff Beach's action was consolidated with a similar § 1983 case filed by John Bunker, the Chief of Detectives of the Olathe Police Department. Plaintiff Bunker filed his civil action against the City of Olathe, Susan Sherman, Philip Major and Howard Kannady. Plaintiff Bunker alleges that Defendants retaliated against him for exercising his First Amendment right to free speech.

During discovery of these consolidated cases, plaintiff Beach served his Second Set of Interrogatories and Second Request for Production upon the City on March 6, 2000. On that same date, plaintiff Bunker served on the City his First Set of Interrogatories and Request for Production for Documents. The City served its answers and responses to plaintiff Beach's Second Set of Interrogatories and Second Request for Production, as well as plaintiff Bunker's First Set of Interrogatories and Request for Production of Documents on April 5, 2001. Thereafter, the parties exchanged correspondence attempting to confer regarding the discovery objections raised by the City.

Plaintiff Beach filed and served his Motion to Compel Discovery (doc. 117) on April 24, 2001. Plaintiff Bunker filed and served his Motion to Compel Discovery (doc. 122) on April 27, 2001. The City filed and served its Memorandum in Response to Plaintiffs' Motions to Compel Discovery (doc. 125) on May 11, 2001.[1]

## II. THE INTERROGATORIES AT ISSUE

The Court will first consider the City's general objection that plaintiff Beach's Second Set of Interrogatories, when considered with his First Set of Interrogatories and when the relevant subsections are counted, exceeds the maximum number of interrogatories allowed by the Scheduling Order (doc. 100).[2] The City contends that the subsections of plaintiff Beach's Second Set of Interrogatories inquire into discrete subjects and therefore should be included in the numerical limit on interrogatories.

The Court has reviewed plaintiff Beach's First and Second Set of Interrogatories and finds that plaintiff Beach has not exceeded the interrogatory limit set forth in the Scheduling Order. Even if the Court found each subpart of plaintiff Beach's Second Set of Interrogatories constituted a separate interrogatory, the total number of interrogatories still would not exceed thirty. The City's general objection that Plaintiff Beach has exceeded the maximum number of interrogatories allowed by the Scheduling Order is therefore overruled.

## A. Plaintiff Beach's Second Set of Interrogatories Nos. 1–6 and Plaintiff Bunker's First Set of Interrogatories Nos. 3–13

Plaintiff Beach's Second Set of Interrogatories Nos. 1–2 seek identification of each

---

**1.** Plaintiff Beach contends that the City's response to his motion to compel is untimely by 3 days. While the Court notes that the City's response to Plaintiff Beach's motion is untimely, the City's response is not untimely to Plaintiff Bunker's Motion to Compel. As the City's Memorandum purports to respond to both Plaintiffs' Motions to Compel and the cases have been consolidated, the Court will overrule Plaintiff Beach's untimeliness objection to the City's Memorandum in Response to Plaintiffs' Motions to Compel Discovery.

**2.** The parties agreed to limit the maximum number of interrogatories to "30 interrogatories, including all discrete subparts" in section 5(d) of their Amended Combined Report of Parties' Planning Meeting (doc. 96). The Court adopted this limit, as well as other provisions within the Report, in the February 13, 2001 Scheduling Order entered in this case (doc. 100).

and every police officer who was the subject of an internal affairs investigation for violations of various departmental rules and regulations. Plaintiff Beach's Interrogatories Nos. 3–6 request identification of each and every police officer who was the subject of the internal affairs investigation for failing to give suitable attention to the performance of his duty by regularly and frequently spending large amounts of time discussing and being involved in activities not related to job assignments, and for non-work related use of police department equipment. Plaintiff Beach's Interrogatories Nos. 3–6 also seek information regarding whether the identified officers were placed on administrative leave or disciplined.

Similar to plaintiff Beach's Interrogatory Nos. 1 through 6, plaintiff Bunker's First Set of Interrogatories Nos. 3 through 13 seek identification of other police officers who were subjected to internal affairs investigations for allegedly violating the City's departmental rules and regulations that were invoked against plaintiff Bunker. The interrogatories also inquire as to whether each identified police officer had been placed on administrative leave during the internal affairs investigation, the dates of any administrative leave, whether each such police officer was disciplined for alleged rules violation, and if so, what discipline was imposed.

The City objects to plaintiffs' interrogatories, which seek information concerning other police officers who were subjected to internal affairs investigations for allegedly violating the departmental rules and regulations invoked against plaintiffs, on the grounds that they are overly broad and unduly burdensome, the information requested is confidential and privileged material, and the information sought is unlikely to lead to the discovery of admissible evidence.

### 1. Unduly burdensome objections

■ The Court will first address the City's unduly burdensome objections to the interrogatories posed by plaintiffs Beach and Bunker. With respect to its assertion that the interrogatories are unduly burdensome, the City has the burden to show that responding to the discovery is unduly bur-

densome. *Daneshvar v. Graphic Technology Inc.*, No. Civ. A. 97–2304–JWL, 1998 WL 726091, *3 (D.Kan. Oct.9, 1998)(citing *Snowden v. Connaught Laboratories, Inc.*, 137 F.R.D. 325, 332 (D.Kan.1991)). The court should balance the burden on the interrogated party against the benefit to the discovering party of having the information. *Daneshvar*, 1998 WL 726091 at *3 (citing *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 436, 438 (D.Kan.1987)). Discovery should be allowed unless the hardship is unreasonable compared to the benefits to be secured from the discovery. *Daneshvar*, 1998 WL 726091 at *3.

■ In support of its unduly burdensome objections to plaintiffs' interrogatories, the City has submitted the affidavits of Howard Kannady, the person responsible for the internal affairs and personnel files of the Olathe police department. Mr. Kannady's affidavit responding to plaintiff Beach's Interrogatory Nos. 1–6 alleges that the City would be required to expend the following effort to fully answer the interrogatories:

> The City of Olathe would be required to expend hundreds of man hours going through the numerous Internal Affairs complaints which were lodged and investigated during the five-year period of time that Phil Major was Chief of Police. There were approximately thirty-five investigations conducted by the Internal Affairs Unit during the period of time that Phil Major was Chief of Police. This interrogatory would require the City of Olathe and its employees to go through the documentation in all these Internal Affairs complaints to determine whether any of the sections identified within Plaintiff's Interrogatory were in any way implicated in such investigation. Furthermore, the City would be required to go through all officers' personnel files who were employed by the City during this period of time to determine whether any Internal Affairs complaints had been issued against these officers and whether the identified sections of the Rules and Regulations of the Olathe Police Department were implicated in such investigations.

In Howard Kannady's affidavit responding to plaintiff Bunker's Interrogatory Nos. 3–13, he alleges that in order for the City to fully answer to these interrogatories, it would be required to go through approximately fifty internal affairs investigation files and investigate an "untold number" of internal affairs complaints handled by supervisors during the 1990 through 1998 time frame. This would require City personnel to examine approximately 188 police officers' personnel files to determine whether each such officer was disciplined for the specific departmental rule or regulation violated.

In their motions to compel, plaintiffs argue that Mr. Kannady has significantly exaggerated the burden that these interrogatories would place on the City. They point to the department's own Internal Affairs Unit Procedures which provide for the department to maintain a log of all internal affairs investigations and a database containing identifying information about each internal affairs investigation. They also argue that each internal affairs case contains a commander's summary that outlines the findings of the investigation and recounts the details of the investigation. In response to these allegations, the City argues that the log book, data base, and commander reviews do not provide all the information necessary to fully respond to the interrogatories posed by the plaintiffs.

The Court finds that the benefit to the plaintiffs of having the information propounded by these interrogatories outweighs the burden on the City in responding to them. The City has not met its burden of showing that responding to the interrogatories is unduly burdensome. Furthermore, the City may avoid the burden it alleges accompanies answering these interrogatories by electing to produce its business records and files in accordance with Fed. R. Civ. P. 33(d). *Daneshvar*, 1998 WL 726091 at *3. The City's burdensome objections to theses interrogatories are therefore overruled.

## 2. Confidentiality objections

▇ The Court will next consider the City's confidentiality and "self-policing" objections. In support of those objections, the City has cited various provisions of the Kan-

sas Open Records Act, K.S.A. 45–221(a)(4), (11), and (30), and the Olathe Police Department Rules deeming personnel records and internal affairs files confidential. In support of its objection, the City has attached the affidavit of Howard Kannady, which states, in pertinent part, that:

> The information maintained within personnel files and Internal Affairs files ... are maintained by the Department under strict confidentiality pursuant to both the Rules and Regulations of the Olathe Police Department, as well as pursuant to Kansas State laws provided in K.S.A. § 45–221(4), (11), and (30).... The Internal Affairs Unit Procedures ... establishes extensive procedures and discusses extensively the confidential nature of Internal Affairs information.... This promise of confidentiality serves numerous ends .... foster[ing] frankness and truthful testimony by officers as well as complainants during the Internal Affairs process. In addition, the confidentiality of such information frequently allows citizens to lodge such complaints without the fear of their identity being disclosed when they wish to remain anonymous in lodging such a complaint. Finally, such confidentiality protects officers ... by ensuring that any meritless complaints are not made public.... The disclosure of Internal Affairs materials and personnel file materials would substantially hinder the Internal Affairs Unit in its mission and would subvert those purposes ... which are fostered by the confidentiality of such materials.

In a previous ruling in this case, the Court specifically rejected the City's confidentiality and "self-policing" objections to plaintiff's production requests which sought personnel and internal affairs files of defendant Phil Major. *Beach v. City of Olathe*, No. CIV. A. 99–2210–GTV, 2000 WL 960808, *3 (D.Kan. July 6, 2000). In the present Motions to Compel, plaintiffs Beach and Bunker seek information from the personnel and internal affairs files of other police officers who are not parties to this lawsuit. Although Plaintiffs seek information pertaining to other officers not parties to this lawsuit, the same rationale applies.

■ As previously ruled by the Court in this case, "it is well settled that confidentiality does not act as a bar to discovery." *Beach*, 2000 WL 960808 at \*3. The same rule is generally applied to police personnel records, with the exception that police officers may have "constitutionally-based privacy interests in *personal* matters contained within their police files." *Mason v. Stock*, 869 F.Supp. 828, 833 (D.Kan.1994) (emphasis added). *Mason* was a § 1983 case involving excessive use of force by police officers. Judge Belot overruled the police department's objections to producing the personnel files of various police officers except for psychological evaluations that were so "highly personal and sensitive in nature that [the evaluations] should be safeguarded as privileged." *Id.* In so ruling, Judge Belot noted that the privacy interests of police officers in personnel records should be narrowly construed, especially in federal civil rights actions. *Id.* In addition, the police officer's privacy interests "should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review." *Id.*

The interrogatories at issue do not seek highly personal or sensitive information that required special protection under *Mason*. Plaintiff Beach's Interrogatories Nos. 1–6 seek identification of police officers who were subject to an internal affairs investigation, whether the officer was placed on administrative leave, the dates of any administrative leave, whether the officer was disciplined and a description of any discipline imposed. Similarly, plaintiff Bunker's Interrogatories Nos. 3–10 request identification of police officers who received an investigation notification for various violations, the date the officer was notified, the disposition of the investigation, the amount of discipline imposed, and the name of the person responsible for imposing the discipline. Plaintiff Bunker's Interrogatories Nos. 11–12 only seek identification of officers who were disciplined for actions disrespectful to other officers or for failure to give suitable attention to performance of duties. Plaintiff Bunker's Interrogatory No. 13 requests the identity of officers who were subjected to an internal affairs investigation based upon a complaint made more than 30 days after the alleged incident. The Court does not consider the information sought by these Interrogatories to be sufficiently personal or sensitive enough to merit precluding the discovery sought by plaintiffs. Moreover, the City has not demonstrated how disclosure of the internal affairs files *under a protective order* would cause harm.

The Court therefore overrules the City's confidentiality and "self-policing" objections to plaintiff Beach's Interrogatories Nos. 1–6 and plaintiff Bunker's Interrogatories Nos. 3–13. The Court, will, however, require that the documents be disclosed subject to a protective order that would prohibit their disclosure except as necessary for the litigation of this case. The Court notes that a Stipulated Protective Order is already on file in this case (*see* doc. 17) and in the Bunker case (*see* doc. 16). Those protective orders appear sufficient to protect the confidentiality of the information requested by these Interrogatories.

### 3. Relevancy objections

■ The Court will next address the City's relevancy objections. The City states that "the information sought does not bear upon any of the issues relating to the Plaintiff's claims pursuant to the First Amendment." The City contends that the information requested on other internal affairs investigations is irrelevant because the ultimate decision-maker in this case, Susan Sherman, Acting City Attorney, made none of the decisions in the other internal affairs investigations. The City asserts that how other supervisors may have applied the rules and regulations of the Olathe Police Department is irrelevant to whether Susan Sherman had any retaliatory intent in mind when she imposed discipline upon plaintiffs Beach and Bunker.

■ Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the subject matter to the action. *Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D.Kan.1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656

(D.Kan.1999). A request for discovery should be allowed "unless *it is clear* that the information sought can have *no possible bearing* on the subject matter of the action." *Scott,* 190 F.R.D. at 585 (quoting *Snowden,* 137 F.R.D. at 341) (emphasis added by *Scott* ). When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott,* 190 F.R.D. at 585 (citations omitted).

The City, as the party resisting discovery, has not met its burden of establishing the lack of relevance of these Interrogatories. The City cites no case law in support of its broad proposition that discovery requests are only relevant if they relate to personnel actions taken by the same supervisor. While the City's claim may have some merit in a disparate treatment context, it does not appear to be applicable in this case, especially where other supervisors are alleged to have been instrumental in initiating, investigating, and deciding the charges against plaintiffs. The Court will therefore overrule the City's relevancy objections to these Interrogatories.

In sum, the Court overrules all of the City's objections to plaintiff Beach's Second Set of Interrogatories Nos. 1–6 and plaintiff Bunker's First Set of Interrogatories Nos. 3–13 and will grant the plaintiffs' Motions to Compel as to these Interrogatories. Defendants are required to fully answer plaintiff Beach's Second Set of Interrogatories Nos. 1–6 and plaintiff Bunker's First Set of Interrogatories Nos. 3–13 or elect, under Rule 33(d), to produce for inspection the files and records whereby the answers may be derived or ascertained.

## B. Plaintiff Beach's Second Set of Interrogatories No. 9

■ Plaintiff Beach's Interrogatory No. 9 asks the following: "In any of the Internal Affairs cases opened between June 1985 to June 1, 1998, did the Olathe Police Department ... investigate complaints arising more than thirty days before the initiation of the I.A. investigation? If so, identify each such I.A. case file." The City objected to this Interrogatory on the grounds it is vague and ambiguous, it requests confidential and privileged information, and requests unduly burdensome and oppressive acts.

Although Interrogatory No. 9 is not the model of clarity, the Court understands Interrogatory No. 9 to ask if the Olathe Police Department has ever, during the requisite time period, investigated complaints more than thirty days prior to the related, subsequent internal affairs investigation and if so, identify the internal affairs case files. The City's vague and ambiguous objection to plaintiff Beach's Interrogatory No. 9 is therefore overruled.

■ The City next contends that the interrogatory is overly broad and unduly burdensome in that the City would have to go through every internal affairs complaint and investigation between June 1985 and June 1, 1998. Since not all internal affairs complaints were handled by the Internal Affairs Department, this would require the City to also go through an estimated 204 officers' personnel files during this period of time. Affidavit of Howard Kannady, Exh. A to Defendant city of Olathe's Answers to Plaintiff [Beach]'s Second Set of Interrogatories. While the City has not met its burden of showing this request is overly burdensome, the Court does find the Request overly broad and will limit the temporal scope of Interrogatory No. 9 to the time period June 1, 1993 through June 1, 1998.

■ The City also contends that plaintiff Beach's Interrogatory No. 9 requests confidential and privileged material. However, the City has not supported its objection by explaining how Interrogatory No. 9, which essentially seeks either a yes or no answer and possible identification of internal affairs case files, requests confidential and privileged material. The City's confidentiality objection is therefore overruled.

The City's vague and ambiguous, overly broad and unduly burdensome objections to plaintiff Beach's Interrogatory No. 9 are

overruled. Plaintiff Beach's Motion to Compel as to Interrogatory No. 9 is therefore granted subject to the limitation that Interrogatory No. 9 is limited to the time period June 1, 1993 through June 1, 1998.

### C. Plaintiff Bunker's First Set of Interrogatories No. 2

Plaintiff Bunker's First Set of Interrogatories No. 2 requests the following:

> Does the Olathe, Kansas Police Department maintain copies of investigation notifications, as part of its IA files, and if so, how are they organized? For each employee listed, please specify to plaintiff (1) the date the officer was notified; (2) the disposition of the investigation; (3) the amount of discipline imposed; and (4) the name of the person responsible for imposing the discipline.

The City objected to this Interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, the information requested is confidential and privileged material, and the information sought is unlikely to lead to the discovery of admissible evidence. In addition, the affidavit of Howard Kannady objects to the interrogatory on the basis it has no time frame for the information it requests.

 First, the Court will address the City's vague and ambiguous objections to plaintiff Bunker's interrogatory. A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 694 (D.Kan.2000). The Court agrees with the City that plaintiff Bunker's Interrogatory No. 2 language "for each employee listed" without any readily apparent listing of employees is vague and ambiguous. However, the Court finds that this apparent oversight by Plaintiff could easily have been resolved by the City conferring with Plaintiff. The City's vague and ambiguous objection to this interrogatory is therefore overruled.

 The City next argues that the interrogatory is overly broad and unduly burdensome in that it has no time frame for the information which it requests. Since the Interrogatory has no limitation as to temporal scope, the Court will limit the Interrogatory to the time frame in which Defendant Major was Chief of Police.

The City also contends that plaintiff Bunker's Interrogatory No. 2 requests confidential and privileged material. For the same reasons set forth above in section II.A.2., the Court overrules the City's confidentiality objection.

 The City also objects to the interrogatory on the grounds it seeks information that is not relevant to the subject matter of this lawsuit. The Court finds the information sought by plaintiff Bunker's Interrogatory No. 2 may be relevant to the plaintiffs' § 1983 free speech and free association claims, particularly to the issues of whether the alleged protected speech was a substantial factor driving the actions challenged by plaintiffs and whether the City would have taken the same steps against plaintiffs in the absence of the alleged protected speech. The Court will therefore overrule the City's relevancy objection to this Interrogatory. Plaintiff Bunker's Motion to Compel as to Interrogatory No. 2 of plaintiff Bunker's First Set of Interrogatories is therefore granted. Defendants shall confer with plaintiff Bunker to clarify the meaning of "for each employee listed." The temporal scope of the interrogatory shall be limited to the time period in which Defendant Phil Majors was Chief of Police of the Olathe Police Department. Defendants also have the option, under Rule 33(d), to produce for inspection the files and records whereby the answers to Interrogatory No. 2 may be derived or ascertained.

### III. THE REQUESTS FOR PRODUCTION AT ISSUE

### A. Plaintiff Beach's Second Request for Production Request No. 1

Plaintiff Beach has moved to compel responses to Request No. 1 which seeks "[a]ll Internal Affairs files corresponding to the police officers identified in answers to Plaintiff [Beach]'s Second Interrogatories to Defendant City of Olathe, Interrogatories 1, 3,

5, 7 and 9." In response to the Motion to Compel, the City contends the Request is unduly burdensome and oppressive, requests confidential and privileged information, and is not relevant to the issues in this case.

■■■ The City has not demonstrated that producing the internal affairs files requested by plaintiff Beach's Request No. 1 would be unduly burdensome and oppressive. By its own affidavit, the City states that there were only approximately thirty-five internal affairs investigations conducted during the time period Phil Major was Chief of Police. The Court is not persuaded that producing the internal affairs files, even if all thirty-five internal affairs files were produced, is unduly burdensome and oppressive.

■■■ The City also objected on the basis the discovery sought by Request No. 1 is not relevant. The Court finds the City has not met its burden of showing Request No. 1 seeks irrelevant documents. The Court therefore overrules the City's relevancy objection to plaintiff Beach's Request No. 1.

■■■ In regard to the City's confidentiality and privilege objections, the Court is unable to determine the nature of the documents which comprise the contents of the various internal affairs files requested by Request No. 1. The Court will therefore limit the scope of Plaintiff Beach's Request No. 1 specifically to those documents contained in internal affairs investigation files which pertain to plaintiff Beach's Second Set of Interrogatories Nos. 1, 3, 5, 7, and 9. If the City contends that particular documents contained within the internal affairs files are so "highly personal and sensitive in nature" that they require special protection under *Mason*, then the City shall submit those documents to the Court for an in camera review. Plaintiff Beach's Motion to Compel as to Request No. 1 of plaintiff Beach's Second Set of Interrogatories is therefore granted in part and denied in part.

## B. Plaintiff Beach's Second Request for Production No. 8

Request No. 8 seeks the productivity documents for Plaintiff Beach and Sergeant Pritzel between January 1, 1997 and March 3,

1998. The City objects to the request as vague and ambiguous as Defendant is uncertain as to what documents Plaintiff Beach seeks. The City states that it has already produced Sergeant Beach's performance evaluation from his personnel file and objects to the production of Sergeant Pritzel's performance evaluation on the grounds that such information is confidential and privileged information.

■■■ The Court will first address the City's objection that the request seeking "documents showing productivity" is vague and ambiguous in that the City is uncertain as to what documents the Request seeks. The Court does not find that the City has met its burden to support its vague and ambiguous objection. The Court does not find the term "documents showing productivity" vague or ambiguous, and the City should have attributed to them their common and ordinary meanings. *Pulsecard, Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 310 (D.Kan.1996) (party should "exercise reason and common sense to attribute ordinary definitions to terms and phrases used in discovery requests"). At the very minimum, the City could have qualified its response by defining the terms in their response. *Id.* "If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." Furthermore, the City appears to have understood the term "documents showing productivity" as referring to performance evaluations. The City's vague and ambiguous objection to Request No. 8 is therefore overruled.

■■■ The Court will next address the City's confidentiality objection. While the Court understands the City's confidentiality concerns, it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 689–90 (D.Kan.2000); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 196 (D.Kan.1996). The same rule is generally applied to police personnel records, with the exception that police officers may have "constitutionally-based privacy interests in *per-*

*sonal* matters contained within their police files." *Mason,* 869 F.Supp. at 833(emphasis added).

■ The City has not indicated that Sergeant Pritzel's performance evaluation contains any highly personal or sensitive information that requires special protection under *Mason.* Accordingly, the Court will grant Plaintiff's motion to compel production of Sergeant Pritzel's performance evaluation. The Court, will, however, require that the documents be disclosed subject to the Stipulated Protective Order already on file in these consolidated cases that would prohibit their disclosure except as necessary for the litigation of this case.

In sum, the Court will overrule the City's objections to Request No. 8. Plaintiff Beach's Motion to Compel is granted in part and denied in part. Within ten (10) days of this Order, the City shall produce the performance evaluation of Sergeant Pritzel subject to the provisions of the Stipulated Protective Order. As the City has already produced the performance evaluation of Plaintiff Beach, it need not produce it again.

## C. Plaintiff Bunker's Request for Production No. 1

■ Request for Production No. 1 of plaintiff Bunker's Second Request for Production of Documents seeks production of "all documents relied upon to answer Plaintiff's First Interrogatories No. 1 through 13." The City objects to the request on the grounds that it is unduly burdensome and oppressive as it would require production of every personnel file and every file relating to complaints handled by the Internal Affairs Unit of the Olathe Police Department.

As discussed above in section II.A.1., the City did not establish that answering Plaintiff Bunker's First Set of Interrogatories Nos. 2–13 would be unduly burdensome and oppressive. The City has asserted no additional circumstances that would make producing the documents relied upon in answering the interrogatories unduly burdensome and oppressive. The Court therefore overrules the City's unduly burdensome and oppressive objection. The City shall produce all documents relied upon to answer Plaintiff Bunker's First Interrogatories Nos. 1 through 13.

## IV. CONCLUSION

In summary, the Court grants Plaintiff Dennis Beach's Motion to Compel Discovery (doc. 117) and Plaintiff John Bunker's Motion to Compel Discovery (doc. 122), subject to the limitations stated herein. Defendant City of Olathe, Kansas shall answer, or elect to produce under Rule 33(d) the files and records necessary to answer, Plaintiff Beach's Second Set of Interrogatories Nos. 1–6, and 9 and Plaintiff Bunker's First Set of Interrogatories Nos. 2–13. Defendant City of Olathe, Kansas shall produce all documents responsive to Plaintiff Beach's Second Request for Production Nos. 1 and 8 and Plaintiff Bunker's Second Request for Production No. 1, as directed herein. All information shall be disclosed subject to the Protective Order already on file in these consolidated cases that would prohibit its disclosure except as necessary for the litigation of this case. All actions required to be taken by the City hereunder shall be made or taken **within thirty (30) days of the date of the filing of this Order.** Each party shall bear his/its own expenses and fees incurred in this Motion.

IT IS SO ORDERED.