**WADDELL & REED FINANCIAL, INC., Waddell & Reed, Inc., and Waddell & Reed Investment Management Company, Plaintiffs,**

v.

**TORCHMARK CORPORATION, Ronald K. Richey, Harold T. McCormick, and Louis T. Hagopian, Defendants.**

**No. CIV.A.01-2372-KHV.**

United States District Court,
D. Kansas.

June 16, 2004.

James D. Griffin, Stephen J. Torline, Blackwell Sanders Peper Martin LLP, Kansas City, MO, Megan Sebastian Wright, Nicole B. Theophilus, Tanya M. Morrison, Thomas H. Dahlk, Trenten P. Bausch, Blackwell Sanders Peper Martin LLP, Omaha, NE, for Plaintiffs.

Betsy Palmer Collins, Caroline B. Keller, Craig H. Kuglar, Scott P. Hilsen, Alston & Bird LLP, Atlanta, GA, Hobart A. McWhorter, Jr., James W. Gewin, Matthew H. Lembke, Michael R. Pennington, Bradley Arant Rose & White LLP, William J. Baxley, Baxley, Dillard, Dauphin & McKnight, Birmingham, AL, Matthew C. Miller, Scott C. Nehrbass, Shook, Hardy & Bacon L.L.P., Overland Park, KS, William R. Sampson, Shook, Hardy & Bacon L.L.P., Kansas City, MO, Brenda Ranee Mesker, Learjet, Inc., Wichita, KS, for Defendants.

## *MEMORANDUM AND ORDER*

VRATIL, District Judge.

Plaintiffs have filed suit against Torchmark Corporation ("Torchmark") and Ronald K. Richey, Harold T. McCormick and Louis T. Hagopian. Torchmark is the former corporate parent of Waddell & Reed, Inc. The individual defendants are former common directors of Torchmark and Waddell & Reed Financial, Inc. Plaintiffs seek to recover under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* and assert Kansas common law claims for breach of fiduciary duty, knowing participation in breach of fiduciary duty, and interference with prospective business relations. This matter is before the Court on plaintiffs' *Motion To Review Magistrate Judge's Order* (Doc. # 384) filed May

11, 2004. For reasons stated below, plaintiffs' motion is sustained in part.

*Factual Background*

This case is one of four separate lawsuits which involve many of the same parties and issues. This is the second suit in Kansas and additional suits are pending or have concluded in Alabama and California. In addition to the four lawsuits, the National Association of Securities Dealers ("NASD") is investigating certain transactions conducted by plaintiffs, and it relates to many of the issues in the pending lawsuits. In this case, one of plaintiffs' many claims is a claim for attorneys' fees incurred in three of the four cases, as well as fees incurred in defending the NASD investigation. In addition to attorney fees in this case, plaintiffs seek approximately $12 million in fees and costs incurred in the Alabama case, $4 million in fees and costs incurred in defending the NASD investigation and complaint and $1 million in fees and costs incurred in the California case. *See Pretrial Order* (Doc. # 390) filed May 26, 2004 at 86.

Although plaintiffs maintain that they do not have to prove the reasonableness of the fees which they incurred in the lawsuits, they sought information in discovery regarding the attorneys' fees which their adversaries incurred in the same lawsuits. In an interrogatory, plaintiffs asked defendants to list the attorneys' fees which Torchmark and United Investors Life Insurance Company ("UILIC") incurred in the Alabama litigation, the California litigation and the NASD investigation of Waddell & Reed. *See* Defendants' Answers To Plaintiffs' First Set Of Interrogatories To Defendants, Interrogatory No. 2, attached as Exhibit A to plaintiffs' *Motion To Compel Answer To Interrogatory And Requests For Admission* (Doc. # 308) filed March 22, 2004. Plaintiffs also asked defendants to admit that UILIC and Torchmark spent more than $2 million, $3 million and $4 million in the Alabama litigation. *See* Plaintiffs' Requests For Admission Directed To Defendants, Requests 11–13, attached as Exhibit B-3 to plaintiffs' *Motion To Compel Answer To Interrogatory And Requests For Admission* (Doc. # 308) filed March 22, 2004. Defendants opposed production of the fee information on numerous grounds, but ultimately they opposed discovery on grounds of relevance and undue burden.

Plaintiffs filed a motion to compel responses, which Magistrate Judge James P. O'Hara overruled on April 27, 2004. Judge O'Hara reasoned as follows:

> Relevancy, of course, is broadly construed in federal court, in that a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. Thus, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.
>
> The decision whether to allow plaintiffs' inquiry as to opposing counsel's fees and hours is clearly within the court's discretion. As this court has previously found, "discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." In this case, the relevancy of the requested documents, at least arguably, is apparent on the face of plaintiffs' request. However, while the request facially may seek relevant information, the relevancy appears extremely attenuated at best.
>
> Plaintiffs argue that the requests seek relevant information and that precedent supports compelling production. But the cases cited by plaintiffs simply do not address the discovery issue now before the court. Instead, the cases cited by plaintiffs involve instances in which a court looked to the fees of opposing counsel to determine whether a party's requested fees were reasonable under various statutory schemes. Notably, none of those

cases involved a determination of whether discovery of fees should be allowed over the opposing party's objection.

Without presuming to suggest whether the trial judge (Hon. Kathryn H. Vratil, U.S. District Judge) should later rule that some of the general *type of fee information* that plaintiffs seek is admissible at trial to help prove damages, the undersigned magistrate judge is wholly unpersuaded that plaintiffs' discovery request is proper. On a basic and practical level, as witnessed by the mind-numbing proposed pretrial order in this case (which is nearly 150 pages long), the court believes that, to require defendants to sift through fee statements from four separate law firms, involved in four related lawsuits, and break down the fees incurred in each, simply is unreasonable. The relevance of the requested information is so marginal and attenuated that it is significantly outweighed by the obvious burden defendants would suffer if compelled to respond

*Order* (Doc. # 364) filed April 27, 2004 (footnotes omitted). Plaintiffs seek review of Judge O'Hara's order.

### *Standards For Review Of A Magistrate Order Regarding Discovery*

A party may object to a magistrate judge's order pertaining to a discovery matter. *See* Fed.R.Civ.P. 72(a). Upon objection, the district court may "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). Under this standard, the district court must affirm the magistrate's rulings "unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988) (citation and quotation omitted). Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused. *Comeau v. Rupp,* 762 F.Supp. 1434, 1450 (D.Kan.1991).

### *Analysis*

Judge O'Hara determined that the relevance of the attorney fee information which plaintiffs sought was "marginal and attenuated"—so marginal and attenuated that it was significantly outweighed by the obvious burden defendants would suffer if compelled to respond. *Order* (Doc. # 364) at 4. Plaintiffs argue that both rulings are erroneous.[1]

Plaintiffs first argue that Judge O'Hara erred because the requested discovery is more than marginally relevant to their claim for damages. "Discovery is to be considered relevant where there is any possibility that the information sought may be relevant to the subject matter of the action." *Snowden v. Connaught Labs., Inc.,* 137 F.R.D. 325, 329 (D.Kan.1991) (citations omitted). Plaintiffs maintain that at trial, they may have to prove the reasonableness of the attorney fees which they incurred in the Alabama and California cases and the NASD investigation, and comparison to opposing counsel fees in those cases is one way to show reasonableness. In some cases, courts have looked to opposing counsel fees to ascertain whether a party's fee request is reasonable. *See Shrout v. Holmes,* 2001 WL 1526277 (D.Kan. Oct.18, 2001) (fees incurred by defense counsel considered where plaintiff's counsel lacked contemporaneous time records); *Ruiz v. Estelle,* 553 F.Supp. 567, 584 (S.D.Tex.1982) (fees of plaintiff and defendant compared in evaluating plaintiff's fee application because in field of prison litigation, action was unprecedented in scope and complexity and not readily comparable to other actions). The standard approach, however, is to simply analyze the contemporaneous time records of the party seeking fees. *Cf. Evans v. Provident Life & Acc. Ins. Co.,* 249 Kan. 248, 265, 815 P.2d 550, 563 (1991) (trial court did not abuse discretion in denying discovery on defendant's fees where

1. Plaintiffs also argue that the magistrate erred in not compelling defendants to respond to plaintiffs' request for admissions because defendant did not object that they were unduly burdensome. For reasons set forth below, the Court need not reach plaintiffs' alternative argument.

plaintiff had not shown correlation between fees incurred on each side).

As to the NASD investigation, the Court agrees with Judge O'Hara's conclusion that the fees which Torchmark incurred are marginally relevant, at best, and that any relevance is outweighed by the burden which defendants would suffer to produce such information. Plaintiffs allege that Torchmark pressured the NASD to file a complaint against Waddell & Reed, Inc. and that plaintiffs were forced to incur legal fees in response to the investigation and complaint. *See Pretrial Order* (Doc. # 390) at 7–8. Plaintiffs have not explained why their fees in the NASD matter would be remotely comparable to the fees which Torchmark incurred in pressuring the NASD to file a complaint. *See Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 309 (D.Kan.1996) (when relevancy of propounded discovery not apparent, proponent has burden to show relevance). Accordingly, Judge O'Hara did not err in finding that Torchmark fees in the NASD investigation are only marginally relevant and that the marginal relevance of such information is significantly outweighed by the burden which defendants would suffer in producing such information.

As to the fees which Torchmark incurred in the Alabama and California cases, the Court finds that such information satisfies the liberal standard of relevance for discovery purposes. Judge O'Hara distinguished the cases cited by plaintiffs, *Shrout, supra* and *Ruiz, supra,* on the grounds that they involved statutory fee requests. The purported distinction, however, supports a finding that the information is discoverable in this case. Much more than a jury, a court can ascertain a reasonable fee from the contemporaneous time records of counsel. Here, plaintiffs seek attorneys' fees as an element of damages. To the extent plaintiffs must establish at trial that those fees are reasonable, the Court should not restrict at the discovery stage the manner in which plaintiffs attempt to meet their evidentiary burden. *See Chicago Prof'l Sports Ltd. P'ship v. Nat'l Basketball Ass'n,* 1996 WL 66111, at *2 (N.D.Ill. Feb.13, 1996) (based on complexity of case, defendant's fees may provide best available comparable standard to measure reasonableness of plaintiffs' expenditures). In sum, the Court finds that the Torchmark fees in the Alabama and California cases are more than "marginally relevant."[2] Defendants therefore should be compelled to respond to plaintiffs' discovery requests for such information.

Even if the Torchmark fees in the Alabama and California cases are only marginally relevant, discovery of such information is still appropriate because defendants have not established undue burden. If the discovery sought appears relevant, the party may resist discovery by demonstrating that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Super Film of Am., Inc. v. UCB Films, Inc.,* 219 F.R.D. 649, 651 (D.Kan.2004); *Scott v. Leavenworth Unified Sch. Dist.,* 190 F.R.D. 583, 585 (D.Kan.1999). A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request. *Sonnino v. Univ. Kan. Hosp. Auth.,* 220 F.R.D. 633, 653 (D.Kan.2004); *see Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D.Colo.2003) (objecting party cannot sustain burden with boilerplate claims that requested discovery is burdensome); *McCoy v. Whirlpool Corp.,* 214 F.R.D. 642, 646 (D.Kan.2003) (overruling objection of undue burden based in part on lack of affidavit or other proof). In this case, defendants asserted that they employed four law firms to handle four lawsuits, that many of the attorneys worked on

2. The Court recognizes that the magistrate may have had legitimate concerns about the validity of comparing opposing counsel's fees to establish reasonableness. Many factors unique to opposing counsel's fees, such as experience of counsel, risks involved or greater precedential value, may invalidate to some degree a direct comparison of the fees incurred by opposing parties. Those factors, however, go to the weight of the evidence, not its admissibility. *Pollard v. E.I. DuPont de Nemours & Co.,* 2004 WL 784489, at *2 (W.D.Tenn. Feb.24, 2004); *see Chicago Professional Sports,* 1996 WL 66111, at *2; *Coalition To Save Our Children v. State Bd. of Educ.,* 143 F.R.D. 61, 65 nn. 2–3 (D.Del.1992).

two or more pieces of litigation at the same time, that many of the tasks had overlapping application to more than one lawsuit and that "it would take a Herculean effort to identify and appropriately divide between the various cases the bill for those tasks." *Response To Plaintiffs' Motion To Compel Answer To Interrogatory And Requests For Admission* (Doc. # 321) at 4. Defendants offered no affidavit or evidence in support of their assertions. In addition, defendants' description of the alleged burden is not sufficiently specific to sustain any conclusion that the relevance of the fee information is significantly outweighed by the burden imposed on defendants.

**IT IS THEREFORE ORDERED** that plaintiffs' *Motion To Review Magistrate Judge's Order* (Doc. # 384) filed May 11, 2004 be and hereby is **SUSTAINED in part.** The magistrate judge *Order* (Doc. # 364) is **REVERSED in part.** The Court affirms that portion of the *Order* (Doc. # 364) which concerns attorney fees which Torchmark incurred in relation to the NASD investigation. The order is otherwise reversed. Defendants' responses to the discovery requests shall be provided no later than **July 15, 2004.**